**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO. _____

**CATHERINE DOLAN as Power of**
**Attorney for JOHN CRAWN,**

    **Plaintiff,**

vs.

**WASTE MANAGEMENT INC. OF FLORIDA,**
**JOSEPH ALAN MATHENY AND**
**THE HEIL CO.,**

    **Defendants.**
_____/

## NOTICE OF REMOVAL

Defendant, THE HEIL CO., ("Heil"), by and through its undersigned counsel, hereby files this Notice of Removal in the above-styled cause to the United States District Court, Southern District of Florida, West Palm Beach Division, on the following grounds:

**I.     INTRODUCTION**

On February 13, 2018 Plaintiff, CATHERINE DOLAN, a citizen of Florida, on behalf of JOHN CRAWN, also a citizen of Florida, filed suit against Heil in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, as Case No. 50-2018-CA-001295. Plaintiff alleges that on October 26, 2017, John Crawn crashed a 2004 Dodge Ram pickup truck into the rear end of a "slowed and/or

1

stopped" PTRB dump truck allegedly sold by The Heil Co.  Mr. Crawn was allegedly injured in the crash.  Plaintiff alleges that Mr. Crawn's injuries were caused by defects in the dump truck.  See Amended Complaint at ¶¶ 2,3,7-10, 32-45, attached hereto as **Exhibit A**.

Plaintiff originally sued Waste Management, Inc. of Florida, a Florida corporation; Joseph Alan Matheny, a citizen of Florida; and Heil.  See, **Exhibit A** at ¶¶ 4 and 6.  On September 26, 2018 Plaintiff and co-defendants Waste Management Inc. of Florida and Joseph Alan Matheny filed a Stipulation of Partial Dismissal, attached hereto as **Exhibit B**.  This Stipulation leaves The Heil Co., a Delaware corporation with its principal place of business in Tennessee, as the last remaining defendant in this action.

This is an action in which the Court has original subject matter jurisdiction under the provisions of 28 U.S.C. § 1332(a), and may be removed to this Court by Heil under 28 U.S.C. § 1441(a) and (b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

Copies of all process, pleadings and orders filed in state court are attached hereto, as required by 28 U.S.C. § 1446(a).

## II.    DIVERSITY OF CITIZENSHIP

With respect to the diversity of the parties, Plaintiff and John Crawn are citizens of Florida.  See **Exhibit A** at ¶¶ 2-3, and the Durable Power of Attorney of John Crawn attached thereto. The Heil Co. is a citizen of Delaware and Tennessee.  See The Heil

Co.'s records from sunbiz.org, attached hereto as **Exhibit C**; Affidavit of George Paturalski, attached hereto as **Exhibit D**; and records from Delaware, **Exhibit E**.

While Plaintiff's Amended Complaint does not allege the "citizenship" of the Plaintiff, it does allege that the Plaintiff and John Crawn "at all times relevant" are residents of Okeechobee County, Florida." *See* **Exhibit A** at ¶¶ 2 and 3.  Of note, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002).  "A person's domicile is the place of his true, fixed and permanent home and principal establishment, and which he has the intention of returning whenever he is absent." *Wiand v. Stoel Rives LLP*, 2016 WL 8931304, *5 (M.D. Fla. 2016) (quoting *McCormick*, 293 F.3d at 1257-58).  Plaintiff and John Crawn are domiciled in and are citizens of Florida.  Therefore, at the time that both the Amended Complaint and Notice of Removal were filed in this cause, and at all times material hereto, the true, fixed and permanent homes of Plaintiff and of John Crawn were, and are, in Okeechobee County, Florida.

At the time that both the Amended Complaint and the Notice of Removal were filed in this cause, and at all times material hereto, Heil was, and is, incorporated in the State of Delaware and has had and continues to have its principal place of business located in Chattanooga, Tennessee.  This makes Heil a citizen on Delaware and Tennessee for purposes of diversity jurisdiction.  "For purposes of diversity jurisdiction, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business." *Werner v. Busch Entm't Corp.*, 2006 WL 2644920, 1 (M. D. Fla. Sept. 14, 2006) (citing *MacGinnitie v. Hobbs Group LLC*,

3

420 F. 3d 1234, 1239 (11th Cir. 2005)); *see also* 28 U. S. C. §1332(c)(1). Accordingly, Heil was and is a Delaware corporation with its principal place of business in Chattanooga, Tennessee, and is therefore a citizen of Delaware and Tennessee for the purposes of 28 U.S.C. §1332.

Given that Plaintiff and John Crawn are citizens of Florida, and that Heil is a citizen of Delaware and Tennessee, there is the requisite diversity of citizenship between the parties allowing the Court to take jurisdiction over this action pursuant to 28 U.S.C. §1332.

### III. AMOUNT IN CONTROVERSY

The matter in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and attorney's fees. When it is not apparent from the face of the Complaint that the jurisdictional amount is met, a "defendant may utilize information from…a demand letter to support removal." *Jade E. Towers Devs. v. Nationwide Mut. Ins. Co.*, 936 F.Supp. 890 (N.D. Fla. 1996); *Fermaintt v. Home Depot U.S.A., Inc.*, 2008 WL 11332008, n.3 (S.D. Fla. February 13, 2008). Further, a "[d]efendant has met its jurisdictional burden of establishing the amount in controversy based on information received from [p]laintiffs in the pre-suit demand package." *Katz v. J.C. Penny Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) *see also Lazo v. U.S. Airways, Inc.*, 2008 WL3926430, *4 (S.D. Fla. August 26, 2008) (Defendant cited to a conversation with plaintiff's counsel advising "that the current settlement demand will be at least $1,000,000, well into seven figures" in support of removal). Prior to the filing of this Notice, Plaintiff's counsel demanded five million dollars ($5,000,000) from

4

Heil to settle the case. Additionally, the Amended Complaint alleges that John Crawn "has suffered severe and permanent injuries" as a result of the subject crash. *See* Amended Complaint at ¶ 44. The Amended Complaint is also seeking damages for pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care, aggravation of a previously existing condition, and property damage to his vehicle. *See* Amended Complaint at ¶ 45. Therefore, the amount in controversy exceeds the jurisdictional requirement of $75,000.

## IV.   TIMELINESS

This Notice is timely filed. The removal of this cause is authorized by the provisions of 28 U.S.C. §1441(b)(3). This action was commenced when Plaintiff filed her initial Complaint on February 13, 2018, less than 1 year prior to the filing of this Notice. The case stated by the initial Complaint and the subsequent Amended Complaint was not removable because Plaintiff also sued Waste Management and Matheny, a Florida Corporation and Florida citizen, respectively. *See* sunbiz.org information regarding Waste Management attached hereto as **Exhibit F**. *See also* initial Complaint, attached hereto as **Exhibit G,** and **Exhibit A**. This case became removable upon the service upon Heil of the Stipulation for Dismissal (**Exhibit B**) on September 24, 2018, less than 30 days before the filing of this Notice.

## V.   CONCLUSION

For the reasons set forth above, Heil has established the requisite diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.

5

20028054v1

This Notice if timely.  Written notice of the filing of the Notice of Removal, on this date, has been given to Plaintiff through her attorney.  A copy of this Notice has, on this date, been filed with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.  A copy of all process, pleadings, and papers served and filed in the aforementioned State Court action, which are not attached as other Exhibits to this Notice of Removal, is attached to this Notice of Removal as **Exhibit H.**

WHEREFORE, the Defendant, THE HEIL CO., requests that this Court assume jurisdiction of this case and approve the Notice of Removal.

Dated: October 10, 2018            Respectfully submitted,

*/s/ Edward H. Thompson*
**JON J. HERNAN**
Florida Bar No. 658588
jon.hernan@bowmanandbrooke.com
**EDWARD H. THOMPSON**
Florida Bar No. 864250
Edward.thompson@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
1064 Greenwood Blvd., Suite 212
Lake Mary, FL  32746-5419
(407) 585-7600 Telephone
(407) 585-7610 Facsimile
ATTORNEY FOR DEFENDANT
**THE HEIL CO.**

### CERTIFICATE OF SERVICE

***I HEREBY CERTIFY*** that on October 10, 2018, a true and correct copy of the foregoing has been furnished by e-mail to: **Karen E. Terry, Esq.** SEARCY DENNEY SCAROLA BARNHART & SHIPLEY, P.a., 2139 Palm Beach Lakes Boulevard, West

Palm Beach, Florida 33409 at terryteam@searcylaw.com, *Attorneys for Plaintiff*, and **Christopher S. Stratton, Esq. and Dale R. Hightower, Esq.**, HIGHTOWER STRATTON NOVIGROD KANTOR, 330 Clematis Street, Suite 201, West Palm Beach, Florida 33401, at cstratton@hightowerlaw.net, tharrington@hightowerlaw.net, wpbservice@hightowerlaw.net, *Attorneys for Waste Management Inc.*

*/s/ Edward H. Thompson*
**JON J. HERNAN**
Florida Bar No. 658588
jon.hernan@bowmanandbrooke.com
**EDWARD H. THOMPSON**
Florida Bar No. 864250
edward.thompson@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
1064 Greenwood Blvd., Suite 212
Lake Mary, FL  32746-5419
(407) 585-7600 Telephone
(407) 585-7610 Facsimile
ATTORNEY FOR DEFENDANT
**THE HEIL CO.**

20028054v1