# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA.

CASE NO.: 50-2018-CA-001295-XXXX-
MB-AF

CATHERINE DOLAN as Power of Attorney
for JOHN CRAWN,

     Plaintiff,

vs.

WASTE MANAGEMENT INC. OF
FLORIDA, JOSEPH ALAN MATHENY and
THE HEIL CO.,

     Defendants.

_____/

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, CATHERINE DOLAN as Power of Attorney for JOHN CRAWN, by and through the undersigned attorneys and hereby sues the following Defendants, WASTE MANAGEMENT INC. OF FLORIDA, JOSEPH ALAN MATHENY, and THE HEIL CO., and as grounds therefore state as follows:

## GENERAL ALLEGATIONS

1. This is an action in excess of $15,000.00, exclusive of interest and costs and within the jurisdiction of this Court.

2. At all times material times, the Plaintiff, JOHN CRAWN, is and was a resident of Okeechobee County, Florida.

3. At all times material hereto, Plaintiff, CATHERINE DOLAN as Power of Attorney for JOHN CRAWN, was a resident of Okeechobee County, Florida. On December 26, 2017,

AMENDED COMPLAINT
Catherine Dolan as POA for John Crawn vs. Waste Management Inc. of Florida, et al.
Case No.:  50-2018-CA-001295-XXXX-MB-AF
Page 2 of 13

CATHERINE DOLAN was appointed as Power of Attorney for JOHN CRAWN.  (Durable Power of Attorney of JOHN CRAWN is attached hereto as "Exhibit "A".)

4.      At all times material hereto, WASTE MANAGEMENT INC. OF FLORIDA was a Florida Corporation organized and existing under the law of Florida and conducted its daily business in Palm Beach County, Florida. WASTE MANAGEMENT INC. OF FLORIDA currently keeps and/or kept an office for transaction of its customary business in Palm Beach County, Florida and that is where one of its principle places of business is where policy-making or executive activities of the corporation occur.

5.      At all times material hereto, THE HEIL CO., was a Foreign Profit Corporation organized, registered and existing under the law of Florida and conducted business in Palm Beach County, Florida. THE HEIL CO. currently keeps and/or kept an office for transaction of its customary business in Palm Beach County, Florida and that is where one of its principle places of business is where policy-making or executive activities of the corporation occur.

6.      At all material times, the Defendant, JOSEPH ALAN MATHENY was and is a resident of Okeechobee County, Florida.  He was employed and operated the dump truck owned and/or leased by the Defendant, WASTE MANAGEMENT INC. OF FLORIDA, with the consent and permission of Defendant, WASTE MANAGEMENT INC. OF FLORIDA.

7.      On October 26, 2017, Defendant, WASTE MANAGEMENT INC. OF FLORIDA owned and/or operated a 2006 PTRB Dump Truck (VIN 1NPZL00X56D716740).    At approximately 7:30 a.m., the Defendant, JOSEPH ALAN MATHENY, was driving the dump truck near the intersection of State Road 70 and State Road 710 in Okeechobee, Florida.

AMENDED COMPLAINT
Catherine Dolan as POA for John Crawn vs. Waste Management Inc. of Florida, et al.
Case No.: 50-2018-CA-001295-XXXX-MB-AF
Page 3 of 13

8.      Defendant, THE HEIL CO., advertised, designed, built, sold and installed the dump body and underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper")  of the dump truck involved in the accident that gives rise to this case, without an adequate underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper").

9.      Alternatively, Defendant, WASTE MANAGEMENT INC. OF FLORIDA advertised, designed, built, sold and installed the dump body and underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") of the dump truck involved in the accident that gives rise to this case, without an adequate underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper").

10.     At that time and place the Plaintiff, JOHN CRAWN, was a seat belted driver in a 2004 Dodge Ram Truck (VIN 1D7HU18D34S753221).  Suddenly, and without warning, the dump truck driven by the Defendant, JOSEPH ALAN MATHENY, slowed and/or stopped.  Plaintiff, JOHN CRAWN crashed into the back of the dump truck, penetrating the rear of the dump truck under the dump body and underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper").  The dump truck received the impact underneath the rear of the underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") and the Plaintiff's truck received the impact head-on.

11.     Venue is proper in Palm Beach County Circuit Court because the Defendants, WASTE MANAGEMENT INC. OF FLORIDA and THE HEIL CO., do business through their agents, apparent agents, employees and representatives in Palm Beach County, Florida.

AMENDED COMPLAINT
Catherine Dolan as POA for John Crawn vs. Waste Management Inc. of Florida, et al.
Case No.: 50-2018-CA-001295-XXXX-MB-AF
Page 4 of 13

## COUNT I – NEGLIGENCE CLAIM AGAINST THE DEFENDANT, WASTE MANAGEMENT INC. OF FLORIDA

12.     Plaintiff hereby realleges and incorporates by reference the allegations contained in Paragraphs 1-4, 6-7, and 9-11 as though fully set forth herein.

13.     Defendant, WASTE MANAGEMENT INC. OF FLORIDA negligently designed, approved, manufactured, marketed, sold and installed the underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") and its components in a way that it failed to prevent vehicle underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") in cases of rear end collisions as was the case herein.

14.     At the time of the design, manufacture and installation of the dump body and underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") installed in the dump truck, Defendant, WASTE MANAGEMENT INC. OF FLORIDA knew, or in the exercise of due diligence should have known, about the danger of vehicle underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") in rear-end collisions unless an adequate underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") was in place.

15.     At the time of the design, manufacture, and installation of the dump body and underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") in the dump truck, Defendant, WASTE MANAGEMENT INC. OF FLORIDA knew, or in the exercise of due diligence should have known, that to prevent the underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") it was necessary to manufacture and install an adequate underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") and that this was technologically feasible at a reasonable cost.

AMENDED COMPLAINT
Catherine Dolan as POA for John Crawn vs. Waste Management Inc. of Florida, et al.
Case No.:  50-2018-CA-001295-XXXX-MB-AF
Page 5 of 13

16.     At the time of the design, manufacture, and installation of the dump body and underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") in the dump truck, Defendant, WASTE MANAGEMENT INC. OF FLORIDA knew, or in the exercise of due diligence should have known that vehicle underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") was a preventable occurrence in rear-end collisions.

17.     Additionally, Defendant, WASTE MANAGEMENT INC. OF FLORIDA negligently failed to maintain the dump truck in a safe condition.

18.     As a result of Defendant, WASTE MANAGEMENT INC. OF FLORIDA's aforementioned negligence and breach of their legal duty, Plaintiff, JOHN CRAWN has suffered severe and permanent injuries.

19.     As a result of the Defendant, WASTE MANAGEMENT INC. OF FLORIDA's negligence, Plaintiff JOHN CRAWN suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation and/or activation of a previously existing condition and property damage to his vehicle.  These losses are permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, CATHERINE DOLAN as Power of Attorney for JOHN CRAWN, demands judgment for damages against Defendant, WASTE MANAGEMENT INC. OF FLORIDA, in excess of $15,000.00, demands taxable costs, and further demands trial by jury.

AMENDED COMPLAINT
Catherine Dolan as POA for John Crawn vs. Waste Management Inc. of Florida, et al.
Case No.:  50-2018-CA-001295-XXXX-MB-AF
Page 6 of 13

## COUNT II – STRICT LIABILITY AGAINST DEFENDANT, WASTE MANAGEMENT INC. OF FLORIDA

20.     Plaintiff hereby realleges and incorporates by reference the allegations contained in Paragraphs 1-4, 6-7, and 9-11 as though fully set forth herein.

21.     At all times material hereto, Defendant, WASTE MANAGEMENT INC. OF FLORIDA, was in the business of designing, testing, approving, manufacturing, marketing, distributing, installing and selling the underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") that was installed in the dump truck involved in the accident that gives rise to this case.

22.     The dump truck was defective in design and manufacture and was unreasonably dangerous. These design and manufacturing defects include, but are not limited to:

        a)      a dump truck body and underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") designed such that it allowed passenger compartment intrusion during foreseeable rear-end accidents; and

        b)      an underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") that allowed serious injuries to passengers in foreseeable rear end collisions, when there were available reasonable, cost effective, and technologically feasible alternate designs to protect life and limb.

23.     The design and manufacturing defects in the dump truck body and underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") were the proximate cause of Plaintiff, JOHN CRAWN's injuries and damages.

AMENDED COMPLAINT
Catherine Dolan as POA for John Crawn vs. Waste Management Inc. of Florida, et al.
Case No.:  50-2018-CA-001295-XXXX-MB-AF
Page 7 of 13

24.     Defendant, WASTE MANAGEMENT INC. OF FLORIDA is strictly liable to Plaintiff, JOHN CRAWN for his injuries, among other things, the defects and inadequacies in the design and manufacture of the dump truck body and underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper").

25.     As a result of Defendant, WASTE MANAGEMENT INC. OF FLORIDA aforementioned negligence and breach of their legal duty, Plaintiff, JOHN CRAWN has suffered severe and permanent injuries.

26.     As a result of the Defendant, WASTE MANAGEMENT INC. OF FLORIDA's negligence, Plaintiff JOHN CRAWN suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation and/or activation of a previously existing condition and property damage to his vehicle.  These losses are permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, CATHERINE DOLAN as Power of Attorney for JOHN CRAWN, demands judgment for damages against Defendant, WASTE MANAGEMENT INC. OF FLORIDA, in excess of $15,000.00, demands taxable costs, and further demands trial by jury.

## COUNT III - NEGLIGENCE CLAIM AGAINST DEFENDANT, JOHN ALAN MATHENY

27.     Plaintiff hereby realleges and incorporates by reference the allegations contained in Paragraphs 1-3, 6-7, and 10-11 as though fully set forth herein.

28.     The Defendant, JOSEPH ALAN MATHENY, owed a duty to the Plaintiff to operate a vehicle in a reasonable manner.

AMENDED COMPLAINT
Catherine Dolan as POA for John Crawn vs. Waste Management Inc. of Florida, et al.
Case No.:  50-2018-CA-001295-XXXX-MB-AF
Page 8 of 13

29.    The Defendant, JOSEPH ALAN MATHENY breached that duty by negligently

     a)     Operating the dump truck;

     b)     Failing to apply the brakes before impact;

     c)     Failing to assure that the brake lights on the dump truck worked properly.

30.    As a result of Defendant, JOSEPH ALAN MATHENY, aforementioned negligence and breach of his legal duty, Plaintiff, JOHN CRAWN has suffered severe and permanent injuries.

31.    As a result of the Defendant, JOSEPH ALAN MATHENY's negligence, Plaintiff JOHN CRAWN suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation and/or activation of a previously existing condition and property damage to his vehicle.  These losses are permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, CATHERINE DOLAN as Power of Attorney for JOHN CRAWN, demands judgment for damages against Defendant, JOSEPH ALAN MATHENY, in excess of $15,000.00, demands taxable costs, and further demands trial by jury.

**COUNT IV – NEGLIGENCE CLAIM AGAINST THE DEFENDANT, THE HEIL CO.**

32.    Plaintiff hereby realleges and incorporates by reference the allegations contained in Paragraphs 1-3, 5, 8, and 10-11 as though fully set forth herein.

33.    Defendant, THE HEIL CO. negligently designed, approved, manufactured, marketed, sold and installed the underride guard, (aka, "rear impact guard," "ICC bar," or "rear

AMENDED COMPLAINT
Catherine Dolan as POA for John Crawn vs. Waste Management Inc. of Florida, et al.
Case No.:  50-2018-CA-001295-XXXX-MB-AF
Page 9 of 13

bumper") and its components in a way that it failed to prevent vehicle underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") in cases of rear end collisions as was the case herein.

34.     At the time of the design, manufacture and installation of the dump body and underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") installed in the dump truck, Defendant, THE HEIL CO. knew, or in the exercise of due diligence should have known, about the danger of vehicle underride in rear-end collisions unless an adequate underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") was in place.

35.     At the time of the design, manufacture, and installation of the dump body and underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") in the dump truck, Defendant, THE HEIL CO. knew, or in the exercise of due diligence should have known, that to prevent underride it was necessary to manufacture and install an adequate underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") and that this was technologically feasible at a reasonable cost.

36.     At the time of the design, manufacture, and installation of the dump body and underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") in the dump truck, Defendant, THE HEIL CO. knew, or in the exercise of due diligence should have known that vehicle underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") was a preventable occurrence in rear-end collisions.

37.     As a result of Defendant, THE HEIL CO.'s aforementioned negligence and breach of their legal duty, Plaintiff, JOHN CRAWN has suffered severe and permanent injuries.

AMENDED COMPLAINT
Catherine Dolan as POA for John Crawn vs. Waste Management Inc. of Florida, et al.
Case No.: 50-2018-CA-001295-XXXX-MB-AF
Page 10 of 13

38.     As a result of the Defendant, THE HEIL CO's negligence, Plaintiff JOHN CRAWN suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation and/or activation of a previously existing condition and property damage to his vehicle.  These losses are permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, CATHERINE DOLAN as Power of Attorney for JOHN CRAWN, demands judgment for damages against Defendant, THE HEIL CO., in excess of $15,000.00, demands taxable costs, and further demands trial by jury.

**<u>COUNT V - STRICT LIABILITY AGAINST DEFENDANT, THE HEIL CO.</u>**

39.     Plaintiff hereby realleges and incorporates by reference the allegations contained in Paragraphs 3, 5, 8, and 10-11 as though fully set forth herein.

40.     At all times material hereto, Defendant, THE HEIL CO., was in the business of designing, testing, approving, manufacturing, marketing, distributing, installing and selling the underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") that was installed in the dump truck involved in the accident that gives rise to this case.

41.     The dump truck was defective in design and manufacture and was unreasonably dangerous.  These design and manufacturing defects include, but are not limited to:

a)      a dump truck body and underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") designed such that it allowed passenger compartment intrusion during foreseeable rear-end accidents; and

AMENDED COMPLAINT
Catherine Dolan as POA for John Crawn vs. Waste Management Inc. of Florida, et al.
Case No.:  50-2018-CA-001295-XXXX-MB-AF
Page 11 of 13

       b)      an underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") that allowed the causing of serious injuries to passengers in foreseeable rear end collisions, when there were available reasonable, cost effective, and technologically feasible alternate designs to protect life and limb.

42.     The design and manufacturing defects in the dump truck body and underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper") were the proximate cause of Plaintiff, JOHN CRAWN's injuries and damages.

43.     Defendant, THE HEIL CO. is strictly liable to Plaintiff, JOHN CRAWN for his injuries, among other things, the defects and inadequacies in the design and manufacture of the dump truck body and underride guard, (aka, "rear impact guard," "ICC bar," or "rear bumper").

44.     As a result of Defendant, THE HEIL CO. aforementioned negligence and breach of their legal duty, Plaintiff, JOHN CRAWN has suffered severe and permanent injuries.

45.     As a result of the Defendant, THE HEIL CO.'s negligence, Plaintiff JOHN CRAWN suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation and/or activation of a previously existing condition and property damage to his vehicle.  These losses are permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, CATHERINE DOLAN as Power of Attorney for JOHN CRAWN, demands judgment for damages against Defendant, THE HEIL CO., in excess of $15,000.00, demands taxable costs, and further demands trial by jury.

AMENDED COMPLAINT
Catherine Dolan as POA for John Crawn vs. Waste Management Inc. of Florida, et al.
Case No.:  50-2018-CA-001295-XXXX-MB-AF
Page 12 of 13

      I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via E-Serve

to all Counsel on the attached list, this __14th__ day of __June__, 2018.


                            _____
                            KAREN E. TERRY
                            Florida Bar No.: 45780
                            Primary E-Mail: _terryteam@searcylaw.com
                            Searcy Denney Scarola Barnhart & Shipley, P.A.
                            2139 Palm Beach Lakes Boulevard
                            West Palm Beach, Florida 33409
                            Phone: (561) 686-6300
                            Fax:    (561) 383-9441
                            Attorney for Plaintiff

AMENDED COMPLAINT
Catherine Dolan as POA for John Crawn vs. Waste Management Inc. of Florida, et al.
Case No.:  50-2018-CA-001295-XXXX-MB-AF
Page 13 of 13

## COUNSEL LIST

Christopher S. Stratton, Esquire
cstratton@hightowerlaw.net; tharrington@hightowerlaw.net; wpbservice@hightowerlaw.net
Hightower Stratton Novigrod & Kantor
330 Clematis Street, Suite 201
West Palm Beach, FL  33401
Phone: (561)-833-2022
Fax: (561)-833-2140
Attorneys for Waste Management Inc. of Florida and Joseph Alan Matheny

Sergio V. Medina, Esquire
Sergio.medina@bowmanandbrooke.com;Estela.martinez@bowmanandbrooke.com;Christine.cu
netta@bowmanandbrooke.com;edward.thompson@bowmanandbrooke.com;ashleigh.carroll@bo
wmanandbrooke.com;
Bowman and Brooke, LLP
2 Alhambra Plaza, Suite 800
Miami, FL  33134
Phone: (305)-995-5602
Fax: (305)-995-6090
Attorneys for The Heil Co.

# DURABLE POWER OF ATTORNEY

## OF

## JOHN CRAWN

I, JOHN CRAWN, with an address of 2809 SE 38th Ave., Okeechobee, Florida 34974, make, constitute and nominate my mother, CATHERINE DOLAN, with an address of 123 S. Laurel Drive, Margate, FL 33063, as my agent.

## ARTICLE I

I hereby give and grant unto my said agent full power and authority to act for me in any lawful way with respect to the powers enumerated in Article II, and to the powers which I have initialed in Article III, of this durable power of attorney.

## ARTICLE II

My agent is authorized to act for me in my name, place and stead and may exercise any or all of the powers contained in this Article II.

**2.1     Banking and Other Financial Institution Transactions.**   With regard to banking and other financial institution transactions, my agent shall have the authority to conduct banking transactions as provided in section 709.2208(1), Florida Statutes.

**2.2     Investment Transactions.**  With regard to stock and bond transactions, my agent shall have the authority to conduct investment transactions as provided in section 709.2208(2), Florida Statutes.

**2.3     Real Property Transactions.**  With regard to real property transactions, my agent may exercise all of the following powers with regard to any real property I own: (1) convey or mortgage homestead property; (2) accept as a gift or as security for a loan or reject, demand, buy, lease, receive, or otherwise acquire an interest in real property or a right incident to real property; (3) sell, exchange, convey with or without covenants, quitclaim, release, surrender, mortgage, encumber, partition, consent to partitioning, subdivide, apply for zoning, rezoning, or other governmental permits, plat or consent to platting, develop, grant options concerning, lease or sublet, or otherwise dispose of an estate or interest in real property or a right incident to real property; (4) release, assign, satisfy, and enforce by litigation, action, or otherwise a mortgage, deed of trust, encumbrance, lien, or other claim to real property that exists or is claimed to exist; (5) do any act of management or of conservation with respect to an interest in real property, or a right incident to real property, owned or claimed to be owned by me, including power to insure against a casualty, liability, or loss; obtain or regain possession or protect the interest or right by litigation, action, or otherwise; pay, compromise, or contest taxes or assessments or apply for and receive refunds in connection with them; and purchase supplies, hire assistance or labor, or make repairs or alterations in the real property; (6) use, develop, alter, replace, remove, erect, or install structures or other improvements on real property in which I have or claim to have an estate,

Durable Power of Attorney of
John Crawn




JC

interest, or right; (7) participate in a reorganization with respect to real property or a legal entity that owns an interest in or right incident to real property, receive and hold shares of stock or obligations received in a plan or reorganization, and act with respect to the shares or obligations, including selling or otherwise disposing of the shares or obligations; exercising or selling an option, conversion, or similar right with respect to the shares or obligations; and voting the shares or obligations in person or by proxy; (8) change the form of title of an interest in or right incident to real property; and (9) dedicate easements or other real property in which I have or claim to have an interest to public use, with or without consideration.

    **2.4**    **Tangible Personal Property Transactions.** With regard to tangible personal property transactions, my agent may exercise all of the following powers: (1) accept as a gift or as security for a loan, reject, demand, buy, receive, or otherwise acquire ownership or possession of tangible personal property or an interest in tangible personal property; (2) sell, exchange, convey with or without covenants, release, surrender, mortgage, encumber, pledge, hypothecate, create a security interest in, pawn, grant options concerning, lease or sublet to others, or otherwise dispose of tangible personal property or an interest in tangible personal property; (3) release, assign, satisfy, or enforce by litigation, action, or otherwise a mortgage, security interest, encumbrance, lien, or other claim on my behalf, with respect to tangible personal property or an interest in tangible personal property; and (4) do an act of management or conservation with respect to tangible personal property or an interest in tangible personal property on my behalf, including insuring against casualty, liability, or loss; obtaining or regaining possession or protecting the property or interest by litigation, action, or otherwise; paying, compromising, or contesting taxes or assessments or applying for and receiving refunds in connection with taxes or assessments; moving from place to place; storing for hire or on a gratuitous bailment; and using, altering, and making repairs or alterations.

    **2.5**    **Business Operation Transactions.** With regard to business operation transactions, my agent may exercise all of the following powers: (1) operate, buy, sell, enlarge, reduce, or terminate a business interest; (2) to the extent that my agent is permitted by law, to perform a duty or discharge a liability or exercise a right, power, privilege, or option that I have, may have, or claim to have under a partnership agreement, whether or not I am a general or limited partner; (3) to the extent that my agent is permitted by law, to enforce the terms of a partnership agreement by litigation, action, or otherwise; (4) to the extent that my agent is permitted by law, to defend, submit to arbitration, settle, or compromise litigation or an action to which I am a party because of membership in the partnership; (5) exercise in person or by proxy or enforce by litigation, action, or otherwise a right, power, privilege, or option I have or claim to have as the holder of a bond, share, or other instrument of similar character and defend, submit to arbitration, settle, or compromise a legal proceeding to which I am a party because of a bond, share, or similar instrument; (6) with respect to any business owned solely by me, continue, modify, renegotiate, extend, and terminate a contract made with any individual or legal entity, firm, association, or corporation by or on my behalf with respect to the business before execution of the power of attorney; (7) with respect to any business owned solely by me, to determine the location of its operation; the nature and extent of its business; the methods of manufacturing, selling, merchandising, financing, accounting, and advertising employed in its operation; the amount and types of insurance carried; and the mode of engaging, compensating, and dealing with its accountants, attorneys, and other agents and employees; (8) with respect to any business

Durable Power of Attorney of
John Crawn



owned solely by me, to change the name or form of organization under which the business is operated and enter into a partnership agreement with other persons or organize a corporation to take over all or part of the operation of the business; (9) with respect to any business owned solely by me, to demand and receive money due or claimed by me or on my behalf in the operation of the business and control and disburse the money in the operation of the business; (10) put additional capital into a business in which I have an interest; (11) join in a plan of reorganization, consolidation, or merger of the business; (12) sell or liquidate a business or part of it at the time and on the terms that my agent considers desirable; (13) establish the value of a business under a buy-out agreement to which I am a party; (14) prepare, sign, file, and deliver reports, compilations of information, returns, or other papers with respect to a business that are required by a governmental agency, department, or instrumentality or that my agent considers desirable and make related payments; and (15) pay, compromise, or contest taxes or assessments and do any other act that my agent considers desirable to protect me from illegal or unnecessary taxation, fines, penalties, or assessments with respect to a business, including attempts to recover, in any manner permitted by law, money paid before or after the execution of the power of attorney.

**2.6     Insurance Transactions.** With regard to insurance transactions, my agent may exercise all of the following powers: (1) continue, pay the premium or assessment on, modify, rescind, release, or terminate a contract procured by or on my behalf that insures or provides an annuity to either me or another person, whether or not I am a beneficiary under the contract; (2) procure new, different, or additional contracts of insurance and annuities for me or my spouse, children, and other dependents and select the amount, type of insurance or annuity, and mode of payment; (3) pay the premium or assessment on or modify, rescind, release, or terminate a contract of insurance or annuity procured by my agent; (4) apply for and receive a loan on the security of the contract of insurance or annuity; (5) surrender and receive the cash surrender value of a contract of insurance or annuity; (6) exercise an election; (7) change the manner of paying premiums; (8) change or convert the type of insurance contract or annuity with respect to which I have or claim to have a power described in this section; (9) apply for and procure government aid to guarantee or pay premiums of a contract of insurance on my life; (10) collect, sell, assign, hypothecate, borrow on, or pledge my interest in a contract of insurance or annuity; and (11) pay from proceeds or otherwise, compromise or contest, or apply for refunds in connection with a tax or assessment levied by a taxing authority with respect to a contract of insurance or annuity or its proceeds or liability accruing because of the tax or assessment.

**2.7     Estate, Trust, and Other Beneficiary Transactions.** With regard to estate, trust, and other beneficiary transactions, my agent may act for me in all matters that affect a trust, probate estate, guardianship, conservatorship, escrow, custodianship, or other fund from which I am, may become, or claim to be entitled, as a beneficiary, to a share or payment, including to: (1) accept, reject, receive, receipt for, sell, assign, release, pledge, exchange, or consent to a reduction in or modification of a share in or payment from the fund; (2) demand or obtain by litigation, action, or otherwise money or any other thing of value to which I am, may become, or claim to be entitled because of the fund; (3) initiate, participate in, or oppose a legal or judicial proceeding to ascertain the meaning, validity, or effect of a deed, will, declaration of trust, or other instrument or transaction affecting my interest; (4) initiate, participate in, or oppose a legal or judicial proceeding to remove, substitute, or surcharge a fiduciary; (5) conserve, invest,

disburse, or use anything received for an authorized purpose; and (6) transfer all or part of my interest in real property, stocks, bonds, accounts with financial institutions, insurance, and other property to the trustee of a revocable trust created by me as settlor.

**2.8   Claims and Litigation.** With regard to claims and litigation, my agent has the power to: (1) assert and prosecute before a court or administrative agency a claim, a claim for relief, a counterclaim, or an offset or defend against an individual, a legal entity, or a government, including suits to recover property or other thing of value, to recover damages sustained by me, to eliminate or modify tax liability, or to seek an injunction, specific performance, or other relief; (2) bring an action to determine adverse claims, intervene in an action or litigation, and act as amicus curiae; (3) in connection with an action or litigation, procure an attachment, garnishment, libel, order of arrest, or other preliminary, provisional, or intermediate relief and use an available procedure to effect or satisfy a judgment, order, or decree; (4) in connection with an action or litigation, perform any lawful act I could perform, including acceptance of tender, offer of judgment, admission of facts, submission of a controversy on an agreed statement of facts, consent to examination before trial, and binding of me in litigation; (5) submit to arbitration, settle, and propose or accept a compromise with respect to a claim or litigation; (6) waive the issuance and service of process on me, accept service of process, appear for me, designate persons on whom process directed to me may be served, execute and file or deliver stipulations on my behalf, verify pleadings, seek appellate review, procure and give surety and indemnity bonds, contract and pay for the preparation and printing of records and briefs, or receive and execute and file or deliver a consent, waiver, release, confession of judgment, satisfaction of judgment, notice, agreement, or other instrument in connection with the prosecution, settlement, or defense of a claim or litigation; (7) act for me with respect to bankruptcy or insolvency proceedings, whether voluntary or involuntary, concerning me or some other person, with respect to a reorganization proceeding or a receivership or application for the appointment of a receiver or trustee that affects my interest in real or personal property or other thing of value; and (8) pay a judgment against me or a settlement made in connection with a claim or litigation and receive and conserve money or other thing of value paid in settlement of or as proceeds of a claim or litigation.

**2.9   Personal and Family Maintenance.** With regard to personal and family maintenance, my agent may exercise all of the following powers: (1) perform the acts necessary to maintain the customary standard of living of me, my spouse and children, and other individuals customarily or legally entitled to be supported by me, including providing living quarters by purchase, lease, or other contract, or paying the operating costs, including interest, amortization payments, repairs, and taxes on premises owned by me and occupied by those individuals; (2) provide for the individuals described by Subsection (1) of this section normal domestic help, usual vacations and travel expenses, and funds for shelter, clothing, food, appropriate education, and other current living costs; (3) pay necessary medical, dental, and surgical care, hospitalization, and custodial care for the individuals described by Subsection (1) of this section; (4) continue any provision made by me for the individuals described by Subsection (1) of this section, for automobiles or other means of transportation, including registering, licensing, insuring, and replacing the automobiles or other means of transportation; (5) maintain or open charge accounts for the convenience of the individuals described by Subsection (1) of this section and open new accounts that my agent considers desirable to

Durable Power of Attorney of
John Crawn



accomplish a lawful purpose; and (6) continue payments incidental to my membership or affiliation in a church, club, society, order, or other organization or to continue contributions to those organizations.

**2.10    Benefits From Certain Governmental Programs or Civil or Military Service.** With regard to benefits from social security, Medicare, Medicaid, or other governmental programs or civil or military service, my agent has the power to: (1) execute vouchers in my name for allowances and reimbursements payable by the United States, a foreign government, or a state or subdivision of a state to me, including allowances and reimbursements for transportation of the individuals described by Section 2.09(1) of this durable power of attorney, and for shipment of their household effects; (2) take possession and order the removal and shipment of my property from a post, warehouse, depot, dock, or other place of storage or safekeeping, either governmental or private, and execute and deliver a release, voucher, receipt, bill of lading, shipping ticket, certificate, or other instrument for that purpose; (3) prepare, file, and prosecute a claim to a benefit or assistance, financial or otherwise, to which I claim to be entitled under a statute or governmental regulation; (4) prosecute, defend, submit to arbitration, settle, and propose or accept a compromise with respect to any benefits I may be entitled to receive; and (5) receive the financial proceeds of a claim of the type described in this Section 2.10 of this durable power of attorney and conserve, invest, disburse, or use anything received for a lawful purpose.

**2.11    Retirement Plan Transactions.** With regard to retirement plan transactions, my agent may exercise all of the following powers: (1) apply for service or disability retirement benefits; (2) select payment options under any retirement plan in which I participate, including plans for self-employed individuals; (3) make voluntary contributions to retirement plans if authorized by the plan; (4) exercise the investment powers available under any self-directed retirement plan; (5) make "rollovers" of plan benefits into other retirement plans; (6) borrow from, sell assets to, and purchase assets from retirement plans if authorized by the plan; (7) receive, endorse, and cash payments from a retirement plan; and (8) request and receive information relating to me and my retirement plan records.

**2.12    Tax Matters.** With regard to tax matters, my agent may exercise all of the following powers: (1) prepare, sign, and file federal, state, local, and foreign income, gift, payroll, Federal Insurance Contributions Act, and other tax returns, claims for refunds, requests for extension of time, petitions regarding tax matters, and any other tax-related documents, including receipts, offers, waivers, consents, including consents and agreements under Section 2032A of the Internal Revenue Code of 1986, as amended, (the "Code"), closing agreements, and any power of attorney form required by the Internal Revenue Service or other taxing authority with respect to a tax year on which the statute of limitations has not run and 25 tax years following that tax year; (2) pay taxes due, collect refunds, post bonds, receive confidential information, and contest deficiencies determined by the Internal Revenue Service or other taxing authority; (3) exercise any election available to me under federal, state, local, or foreign tax law; (4) act for me in all tax matters for all periods before the Internal Revenue Service and any other taxing authority; and (5) represent me, and appoint an agent or agents to represent me, before the Internal Revenue Service or any State or other taxing authority by completing, signing, and submitting IRS Form 2848 or any other governmental form.



**2.13    Existing and Foreign Interests.**   The powers described in Article II of this durable power of attorney may be exercised equally with respect to an interest I have at the time this durable power of attorney is executed or an interest which I acquire later, whether or not the interest is located in Florida and whether or not the powers are exercised or the durable power of attorney is executed in Florida.

**ARTICLE III**

My agent is authorized to perform the following specific acts for me if I have initialed the specific authority listed below:

**Initial:**

 **Digital Assets, Digital Accounts, and Digital Devices.** My agent shall have the power to access, manage, modify, control, use, continue, cancel, deactivate, delete, transfer, or archive my Digital Accounts and Digital Assets, and to access, control, use, deactivate, or dispose of my Digital Devices. "Digital Accounts" are electronic systems for creating, generating, sending, sharing, communicating, receiving, storing, displaying, or processing information which provides access to a Digital Asset which is stored on any type of Digital Device, regardless of the ownership of the Digital Device upon which the Digital Asset is stored, including but not limited to, email accounts, social network accounts, social media accounts, file sharing accounts, health insurance accounts, health-care accounts, financial accounts, credit card accounts, travel-related accounts, domain registration accounts, domain name service accounts, web hosting accounts, tax preparation service accounts, online store accounts and affiliate programs thereto, including accounts with publishers, internet service providers, retail vendors, utility companies and other online accounts which currently exist or may exist as technology develops or such comparable items as technology develops. "Digital Assets" mean data, files, text messages, emails, documents, audio, video, images, sounds, social media content, social networking content, apps, codes, health care records, health insurance records, credit card points, travel-related miles and points, computer source codes, computer programs, software, software licenses, databases, or the like, including access credential such as usernames, passwords and answers to secret questions, which are created, generated, sent, communicated, shared, received, or stored by electronic means on a Digital Device. "Digital Devices" are electronic devices that can create, generate, send, share, communicate, receive, store, display, or process information, and such electronic devices shall include, but are not limited to, servers, desktops, laptops, tablets, peripherals, mobile telephones, smartphones, personal digital assistants, electronic books, electronic watches, electronic body and activity monitoring equipment, audio and video recorders, flash drives, hard drives, digital memory cards, and any similar storage device which currently exists or may exist as technology develops or such comparable items as technology develops.

Durable Power of Attorney of
John Crawn



## ARTICLE IV

Notwithstanding any provision herein to the contrary, any authority granted to my agent shall be limited so as to prevent this durable power of attorney from causing my agent to be taxed on my income (unless my agent is my spouse) and from causing my assets to be subject to a general power of appointment by my agent, as that term is defined in Section 2041 of the Code.

## ARTICLE V

Any act or thing lawfully done hereunder by my said agent shall be binding on myself and my heirs, legal and personal representatives, and assigns, provided, however, that all business transacted hereunder for me or for my account shall be transacted in my name, and that all endorsements and instruments executed by my said agent for the purpose of carrying out the foregoing powers shall contain my name, followed by that of my said agent and the designation "Agent."

## ARTICLE VI

Any third party may transact any matter with my agent in the same manner and to the same extent as the third party would transact such matter with me. Third parties who act in reliance upon the representations of my agent shall be held harmless by me, my estate, the beneficiaries of my estate, or joint owners of property from any loss suffered or liability incurred as a result of actions taken prior to receipt of written notice of revocation, suspension, notice of a petition to determine incapacity, partial or complete termination, or my death. Any third party may rely upon a copy of this durable power of attorney certified by my agent to be a true copy of the original hereof, as fully as if such third party had received an original of this durable power of attorney.

## ARTICLE VII

My agent shall not be liable for any acts or decisions made in good faith and in conformity with the powers enumerated in this durable power of attorney. However, my agent shall not be relieved from liability for breach of duty committed dishonestly, with improper motive, or with reckless indifference to me or the purposes of this durable power of attorney.

## ARTICLE VIII

My agent shall have the power to pay a reasonable fee from my estate to each agent who is a qualified agent as defined in Section 709.2112(4), Florida Statutes as compensation for services rendered under this durable power of attorney in an amount which does not exceed the customary and prevailing charges for services of a similar character at the time and place such services are performed. My agent shall also be entitled to reimbursement of expenses reasonably incurred on my behalf.



## ARTICLE IX

This durable power of attorney is not terminated by subsequent incapacity of the principal except as provided in chapter 709, Florida Statutes. This durable power of attorney shall terminate by one or more of the following circumstances:

(1) My death;
(2) The death or deaths of all agents named in the first paragraph of this durable power of attorney; or
(3) The occurrence of an event described in Section 709.2109, Florida Statutes.

Signed on the _26th_ day of _December_____, 2017.

_____
JOHN CRAWN, Principal

WITNESSES (both of whom are
18 years of age or older):

Signature: _____
Print Name:   William Price
Address:      521 S. Olive Ave.
              West Palm Beach, FL 33401
Date: _____, 2017

Signature: _____
Print Name:   Dawn Pressley
Address:      2809 SE 38th Ave.
              Okeechobee, FL 34974
Date: _____12/26/17_____, 2017

STATE OF FLORIDA        §
                        §
COUNTY OF ST. LUCIE     §

The foregoing instrument was acknowledged before me on the _26th_ day of _December_____, 2017, by JOHN CRAWN, who produced a driver's license issued by Florida that contained his photograph and signature as identification, and by William Price___ and Dawn Pressley, witnesses.



KAREN TERRY
Notary Public - State of Florida
Commission # FF 936008
My Comm. Expires Mar 8, 2020
Bonded through National Notary Assn.

_____
Notary Public, State of Florida

Durable Power of Attorney of
John Crawn

JC

Page 8